UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GEORGE FUL NINYING,                               **MEMORANDUM AND ORDER**
                                                                             17 CV 688 (LDH)

                Plaintiff,

      -v-

FIRE DEPARTMENT, CITY OF NEW YORK,

                Defendant.
----------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge.

      On January 30, 2017, pro se Plaintiff George Ful Ninying filed the instant action in the United States District Court for the Southern District of New York, alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA") and the New York State Human Rights Law ("NYSHRL"). (Compl. 1-3, ECF No. 2.) The complaint was transferred to this Court on February 7, 2017. (Feb. 7, 2017 Order, ECF No. 4.) By Order dated June 16, 2016, this Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") based on Plaintiff's incomplete financial declaration. (June 16, 2017 Order, ECF No. 6.) On June 30, 2017, Plaintiff paid the $400.00 filing fee to initiate this action. (ECF No. 8.) For the reasons stated below, the complaint fails to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND

      On January 30, 2017, Plaintiff filed an employment discrimination form complaint. Therein, Plaintiff indicated, by checking the requisite boxes, that the bases for his claim was age discrimination. (Compl. 3.) Plaintiff further noted that he is fifty-seven years old. (*Id.*) Plaintiff

1

also checked boxes indicating that he was discriminated against based on his gender, national origin, and color. (*Id.*) Although such claims are cognizable under Title VII of the Civil Rights Act of 1964 ("Title VII"), Plaintiff did not check the box to indicate that he brings this action under that statute. (*Id.*) Plaintiff's complaint alleges no facts whatsoever in support of his claims. On October 31, 2016, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights indicating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes." (Compl. 6).

## DISCUSSION

**I. Standard of Review**

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In reviewing a complaint, the Court must assume the factual allegations therein to be true and draw all reasonable inferences in the Plaintiff's favor. *Id.*

At this stage, the Court "must merely determine whether the complaint itself is legally sufficient." *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 556, 565 (E.D.N.Y. 1999) (internal citation omitted). It is not the Court's function to weigh the evidence that might be presented at

trial. *Id.* The issue before the Court at this stage "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Id.* (citing *Villager Pond Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996)).

Where, as here, the plaintiff is proceeding pro se, courts are "obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 219-20 (E.D.N.Y. 2011). Because pro se litigants are entitled to a liberal construction of their pleadings, their complaints should be read to raise the strongest arguments that they suggest. *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 183, 191-92 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct 2197, 2200, 167 L.Ed.2d 1081 (2007)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Id.* (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. *Rios v. Third Precinct Bay Shore,* No. 08-cv-4641, 2009 WL 2601303, at *2 (E.D.N.Y. Aug. 20, 2009).

**II. The FDNY is not a Suable Entity**

As an initial matter, Plaintiff has sued the wrong entity. As a municipal agency, the FDNY cannot be subject to suit. *Fahey v. City of New York*, No. 10 Civ. 4609, 2012 WL 413990, at *5 (E.D.N.Y. Feb. 7, 2012). Rather, under the New York City Charter, "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the City of New York and not in that of any agency, except where otherwise provided by law." *Id.* (quoting N.Y. City Charter Ch. 17 § 396). As such, the FDNY is not a suable entity, and the claims against it are dismissed. Plaintiff will be permitted to amend his complaint to bring this action against the proper Defendant, the City of New York.

**III. Plaintiff's Discrimination Claims**

The instant complaint is devoid of any facts that would support an employment discrimination claim. In support of his age discrimination claims, for example, Plaintiff simply checks the box for age discrimination on his form complaint. There are no allegations suggesting that Defendant acted in a discriminatory manner based on Plaintiff's age. At a minimum, an ADEA claimant must inform the court and the defendant why he believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."). The same is required for Plaintiff's claims under the NYSHRL. *See Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 216 (E.D.N.Y. 2014) ("Discrimination claims brought under the NYSHRL are analyzed under the same standard as those governing the ADEA.") Here, Plaintiff simply asserts, without further elaboration, that he is more than forty years of age, but he provides no detail as to any discriminatory acts taken by Defendant. This is simply insufficient to plead a violation of the ADEA or the NYSHRL, and these claims are therefore dismissed without prejudice.

The Court construes Plaintiff's claims of discrimination on the basis of gender, national origin, and color, as alleging a violation of Title VII. As with Plaintiff's age discrimination claims, Plaintiff provides no facts that could possibly connect any adverse employment action to a protected status, as is required to state a claim under Title VII. *See Vega v. Hempstead Union School Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015) (a plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). Here, to the extent that Plaintiff seeks to assert a Title VII claim, he fails to plead any facts in support of this claim, and this claim is therefore dismissed for failure to state a claim.

## CONCLUSION

Plaintiff's employment discrimination claims are dismissed without prejudice. Plaintiff is granted thirty (30) days' leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596-97 (2d Cir. 2000). Should Plaintiff have a basis for a claim of employment discrimination, he should provide facts in support of such claim. Plaintiff is reminded that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If available, Plaintiff should include a copy of the charge of discrimination that he filed with the EEOC. Plaintiff shall name the City of New York as the proper Defendant.

The Clerk of Court is respectfully requested to serve this Memorandum and Order on the pro se Plaintiff and to include a form complaint for employment discrimination. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       October 11, 2017                                /s/LDH

                                                          LaSHANN DeARCY HALL
                                                          United States District Judge