MANDATE

19-1265
Ninying v. NYC Fire Dep't

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

**George Ful Ninying,**

*Plaintiff-Appellant*,

v.                                                                                         19-1265

**New York City Fire Department, City of New York, New York City Law Department,**

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:   George Ful Ninying, *pro se*, Bronx, NY.

FOR DEFENDANTS-APPELLEES:   Aaron M. Bloom, Jamison Davies, Assistant Corporation Counsel, *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY.

MANDATE ISSUED ON 06/19/2020

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

George Ful Ninying, *pro se*, appeals from the dismissal of his employment discrimination action against the New York City Fire Department ("FDNY"). Ninying claimed that the FDNY's failure to promote him violated the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act, and the New York City Human Rights Law ("NYCHRL").[1] The district court granted the FDNY's motion to dismiss Ninying's amended complaint, reasoning that the FDNY is a city agency that is not subject to suit and Ninying failed to state a claim for age, race, color, religion, or national origin discrimination. Ninying appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's dismissal for failure to state a claim. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

---

[1] Ninying does not address the dismissal of his NYCHRL claim on appeal, and has therefore abandoned that claim. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (applying the general rule that a claim not raised in appellate briefing is abandoned for *pro se* litigants). In any event, because all of Ninying's federal claims were dismissed for failure to state a claim, the district court properly declined to exercise supplemental jurisdiction over his NYCHRL claim. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

2

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Where, as here, the complaint was filed *pro se,* it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted).

First, the district court properly dismissed Ninying's claims because the FDNY, as a municipal agency, is not subject to suit. *See* N.Y.C. Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The district court provided Ninying an opportunity to name the City as the proper defendant when it granted him leave to file an amended complaint, and expressly advised him to do so, but Ninying failed to make the recommended amendment.

Second, the district court correctly ruled that Ninying failed to state a claim under the ADEA. "A *prima facie* case of age discrimination requires that plaintiffs demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). The ADEA requires a plaintiff to assert that his age is the "but-for" cause of the alleged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). While Ninying asserted that he was passed over for a promotion because of his age, he did not allege any facts to show that age discrimination was the but-for cause of the FDNY's failure to promote him. *See Nielsen*, 746 F.3d at 62 ("[W]e are not required to

credit conclusory allegations or legal conclusions couched as factual . . . allegations." (internal quotation marks omitted)).

Third, the district court properly concluded that Ninying failed to state a claim under Title VII. To state a Title VII claim, Ninying was required to plead that the FDNY "(1) . . . took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," by alleging "facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). Ninying asserts that he was discriminated against because his wife is African American and he is a "Black Minority," but he does not allege any facts relating his protected status to his failure to be promoted.[2] Am. Compl. 3. And though Ninying alleges that he is fluent in French because of his national origin, he has neither identified his national origin nor alleged that he faced discrimination because of it.

The district court overlooked Ninying's claim that the FDNY retaliated against him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Nonetheless, remand is not warranted. The only details concerning this retaliation claim can be found in the EEOC Intake Questionnaire attached to his amended complaint. He alleged that he was denied a promotion in November 2015 based upon his filing a previous EEOC complaint: the number he ascribed to that complaint indicates that it was filed in 2012.

---

[2] Moreover, Title VII does not provide a cause of action based on marital status or the protected status of one's spouse. *See, e.g.*, 42 U.S.C. § 2000e-2(a)(1); *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 310 n.9 (2d Cir. 1996).

4

In order to plead a prima facie claim of retaliation under both Title VII and the ADEA, a plaintiff must allege that (1) he participated in a protected activity; (2) the employer knew of his protected activity; (3) he was subjected to an adverse employment action; and (4) there was a causal connection between the participation in the protected activity and the adverse employment action. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (articulating the standard for a retaliation claim under Title VII); *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (applying Title VII retaliation standards and burdens to ADEA). Here, too, Ninying's conclusory allegation fails to state a retaliation claim under either the ADEA or Title VII, both of which required him to allege that his protected activity was the but-for cause of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 US. 338, 360, 362–63 (2013) (holding that unlike other Title VII claims, Title VII retaliation claims must be proved according to "traditional principles" of but-for causation). Nor did Ninying's allegation that he was retaliated against in 2015 for filing a 2012 EEOC complaint allege the requisite causation. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (per curiam) ("Action taken . . . 20 months later suggests, by itself, no causality at all.").

We have considered Ninying's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit